**Juan Francisco CHAVEZ, Plaintiff in Error,**

v.

**The City of OKLAHOMA CITY,
Defendant in Error.**

No. A–14702.

Court of Criminal Appeals of Oklahoma.

Feb. 25, 1970.

Bay, Hamilton & Renegar, Oklahoma City, for plaintiff in error.

Roy H. Semtner, Municipal Counselor, Jerry R. Fent, Asst. Municipal Counselor, for defendant in error.

## MEMORANDUM OPINION

NIX, Judge.

Juan Francisco Chavez, hereinafter referred to as the defendant, was convicted in the Municipal Criminal Court of Oklahoma City with the offense of Driving While Under the Influence of Intoxicating Liquor, and sentenced to pay a fine of $100.00 and to serve 60 days in jail. From said judgment and sentence defendant appeals. He contends that he was denied a fair and impartial trial because of improper testimony of a policeman who was the prosecuting witness. Said officer testified as follows:

"By Mr. Markham: Did you form an opinion on this date and at this time as to this defendant's condition?

A. Yes, sir.

Q. What is that opinion?

A. Sir, it is my opinion that *this man was the drunkest that I have ever seen in any of my accident cases. He was in a stupor.*"

Defense counsel objected to this statement and asked that the jury be admonished not to consider it, and moved for a mis-trial. All of which was denied, except said motion for a mis-trial was overruled.

This evidence was improper and showed some degree of prejudice by the witness, who had been an officer for three years. There was sufficient evidence to find the defendant guilty and said remark could only have gone to the punishment and not as to the guilt or innocence. The State provided two witnesses, who were the arresting officers, one of whom testified he was not closer than approximately 12 feet and could not say whether defendant was drunk or not. There were other officers present at the scene of arrest but they did not testify. This Court is naturally left pondering why?

Nevertheless, he was found guilty by the jury, and the prejudicial remark of prosecuting witness was not sufficient to cause reversal, especially where the jury was instructed not to consider the statement. However, it may have resulted in the amount of punishment.

Therefore, the Court is of the opinion that justice would be best served if said judgment and sentence was Modified to Thirty (30) Days in jail, and to pay a fine of $100.00, and it is so ordered.

Modified and affirmed.

BRETT, P. J., and BUSSEY, J., concur.